WILLIAM VIDA, PLAINTIFF-RESPONDENT, v. RUCKLE BROTHERS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted January 21, 1947—Decided June 9, 1947.

Before Justices HEHER and COLIE.

For the appellant, *Philip Barbash.*

For the respondent, *Andrew Wittreich.*

The opinion of the court was delivered by

COLIE, J. This appeal brings up a judgment entered in favor of the plaintiff below in a replevin action after the court below had, on motion, struck the answer and counter-claim filed by the defendant and entered summary judgment for the plaintiff. The complaint filed by William Vida asserted that on October 14th, 1946, he "was and ever since has been the owner of" a certain Plymouth automobile specifically described by serial and motor number, and that said automobile was wrongfully detained by the defendant. The defendant's answer denied these allegations and set up three separate defenses and a counter-claim, which latter it is unnecessary to discuss.

Upon the filing of the answer, the plaintiff moved to strike the answer and counter-claim and filed an affidavit in which

he asserted that he placed an order for a Dodge automobile and paid $100 on account; that some months thereafter, he was notified that a Dodge was unavailable but that a Plymouth could be supplied and this being acceptable, he sent by messenger the balance of the purchase price to the defendant who noted on the original order the receipt of the purchase price. Two days thereafter, the defendant refused delivery of the car. The answering affidavit filed on behalf of Ruckle Brothers sets up, *inter alia,* that after the refusal to make delivery, the defendant tendered to the plaintiff a check for the full amount paid and that the plaintiff said "I cannot take it. I waited for this car a long time. I had to get another automobile. I have no use for this car."

It must be borne in mind that this is an action in replevin and that the burden was upon the plaintiff below to establish ownership, absolute or qualified, with the right to exclusive possession at the time of bringing the action, and the failure to do so entitles the defendant to judgment. *Hunt* v. *Chambers,* 21 *N. J. L.* 620; *Chambers* v. *Hunt,* 22 *Id.* 552. In *Security Credit Corp.* v. *Whiting Motor Co.,* 98 *Id.* 45, it was held that under chapter 168 of the laws of 1919 relating to and regulating the purchase and sale of motor vehicles, compliance with the provisions of that act are requisite to the establishment of a title or property entitling the replevinor to maintain the action. This holding was adopted by the Court of Errors and Appeals in *Merchant's Security Corp.* v. *Lane,* 106 *Id.* 169, also a replevin action. In the latter case, the court held that compliance with *Pamph. L.* 1919, *ch.* 168, as supplemented and amended was essential if the plaintiff was to recover in a replevin action in which he sought possession of a motor vehicle. In the instant case it was incumbent in view of the statute and the cases above cited for the plaintiff in the replevin action to establish that the statute, *R. S.* 39:10–1, *et seq.,* had been complied with. That burden he has failed to meet and therefore it was error on the part of the court below to strike the answer and enter judgment for the plaintiff.

The judgment under appeal is reversed, with costs.